**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ERIK BRANCACCIO; WILLIAM
BRANCACCIO,

Plaintiffs-Appellants,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

Defendant-Appellee.

No.     18-16007

D.C. No. 2:16-cv-02479-CMK

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Craig Kellison, Magistrate Judge, Presiding

Argued and Submitted December 3, 2019
San Francisco, California

Before: THOMAS, Chief Judge, and W. FLETCHER and MILLER, Circuit
Judges.

William Brancaccio (Brancaccio) appeals from the district court's judgment

affirming the administrative law judge's denial of Social Security disability

benefits for his son, Erik Brancaccio, who is now deceased. We have jurisdiction

under 28 U.S.C. § 1291, and we reverse and remand for further proceedings.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We review the district court's order de novo. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). We will reverse "the denial of benefits only if the [ALJ's] decision 'contains legal error or is not supported by substantial evidence.'" *Id.* (quoting *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007)); *see also* 42 U.S.C. § 405(g).

Brancaccio argues that the ALJ erred in determining that Erik Brancaccio's lumbar impairment did not meet the criteria for a listed impairment at step three, that he did not have a severe mental impairment, and that a report from his physical therapist was not a "medical opinion." We reject those challenges.

We agree with Brancaccio, however, that the ALJ erred in failing to "evaluate every medical opinion" received. 20 C.F.R. § 404.1527(c). The Commissioner concedes that the migraine headache report from Dr. McAlpine, one of Erik Brancaccio's treating physicians, was a medical opinion. The ALJ may not reject a treating physician's medical opinion "unless clear and convincing reasons for doing so exist and are set forth in proper detail." *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *accord Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). The ALJ did not mention Dr. McAlpine's report, let alone provide clear and convincing reasons for rejecting it.

Further, the ALJ's conclusion that Erik Brancaccio had a "normal range of motion" was not supported by substantial evidence. *Tommasetti*, 533 F.3d at 1038.

2

Dr. Van Kirk's physical exam found a "full range of motion" for the upper and lower extremities, but "[s]light limitation" on the range of motion for the cervical spine and "[m]oderate limitation" on the range of motion for the thoracolumbar spine. Two other treating physicians also reported abnormal range of motion.

The Commissioner argues that the ALJ's errors were harmless, but we disagree because we are unable to say that the errors were "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citation omitted). The vocational expert testified that a hypothetical individual who was "limited to simple, routine, repetitive tasks" and was required to "take unscheduled breaks—at least two unscheduled breaks per day beyond those customarily allowed in the business place"—would not be able to perform "any work in the national economy." In light of that testimony, the evidence the ALJ apparently overlooked—including, in particular, Dr. McAlpine's conclusion that Erik Brancaccio's migraine headaches "interfere[d] with [his] ability to work"—might have affected the ultimate disability determination.

Brancaccio urges us to remand for an award of benefits, but even if the overlooked evidence were credited as true, the ALJ "would [not] be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Instead, the ALJ will need to determine whether Dr. McAlpine's report and the medical opinions regarding Erik Brancaccio's decreased range of

motion show that he was unable to work without limitations, and, if so, determine whether those limitations precluded work in the national economy. We reverse and remand to the district court with instructions to remand to the agency for further proceedings.

**REVERSED and REMANDED**.